Decided December 12, 1984

4 DEC 12 A10: 15

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

ANGELINA C. MUNA, as          )          CIVIL ACTION NO. 84-103
Administratrix of the         )
Estate of Gregorio C.         )
Camacho, Deceased.            )
                              )
          Plaintiff,          )
                              )
     vs.                      )          MEMORANDUM OPINION
                              )
JUAN B. CAMACHO, et al.,      )
                              )
          Defendants.         )
_____)

The Administratrix of the estate of Gregorio C. Camacho has brought this suit for certain damages against the defendants.

The basis of the damage claim is that the defendant, Juan B. Camacho (Juan), one of 12 children of Gregorio C. Camacho, possessed, used and leased the property in the name of the deceased without accounting to the other heirs and to the estate.

There are really no factual disputes among the parties.

Though Gregorio Camacho died in 1960, it was not until 1969 that Juan entered upon the property and built a small residence. However, he did not continuously live on the property until 1973. From that time to the present he has expended close to $45,000

11

for various improvements, more or less graphically portrayed on Page II-21 of Plaintiff's Exhibit 1. He still lives on the property in a concrete residence.

As a result of the construction of a commercial shop building in 1978, the defendant operated his own store until May of 1979 when he leased the commercial building to Commonwealth Pacific International, Inc. for $500 a month to December of 1981 and then he collected rent of $1,000 per month rent until August of 1984 when the corporation vacated the premises. (Commonwealth Pacific International, Inc. also expended $4,000 to $5,000 for improvements on the property.) The defendant Flame Tree Sha Shin Kan, Inc., was a sub-lessee of Commonwealth Pacific International, Inc. but did not pay any rent.

None of the siblings of Juan objected to any use of the property by him nor was any demand made for a portion of the rental payments. The estate of Gregorio Camacho was commenced in July of 1979 and not until this action was filed in February of 1984 was any formal claim made against the defendants.

A few years ago five of the siblings of Juan transferred their interests in the property to him (Defendant's Exhibit A).

Plaintiff's Exhibit 1 is the appraiser's report showing the fair market value of the land and improvements constructed by the defendant Commonwealth Pacific International, Inc. The plaintiff asserts that using the valuations, close to $300,000 is due the estate. The court disagrees.

The general rule is that real estate becomes vested on the

12

death of the owner in his heirs and devisees, subject to the right of the personal representative where authorized by the court, to use it to pay creditors in case the personal estate is insufficient to pay the debts of the estate and the expenses of administration. Until the payment is needed for the payment of debts, the heirs are entitled to possession as an incident to their title. 31 AmJur 2d, Executors and Administrators, §§ 196 and 246; 23 AmJur 2d, Descent and Distribution, §§ 18, 20 and 21. (See also Chapter X, Section 1, Public Law 3-106) It is noted that there has been no assertion by the Administratrix in this case that possession was required to pay debts nor is there any assertion that defendants refused access to the property. All the Administratrix complains about is that Juan kept all the rental receipts from the commercial buildings he built and that he has occupied the premises as his residence for 11 years.

Of the 12 children of Gregorio Camacho, five of them deeded their interest to Juan and there is no evidence that the other six ever attempted to occupy the premises or asked the defendant to occupy a part of the property. None of the remaining six siblings have joined in the suit to claim any denial of possession.

It appears that in the absence of a statute giving the executor or administrator the right to maintain an action affecting the realty, any such claim must be brought by the decedent's heirs and not the Administrator of the estate. 31 AmJur 2d, Executors and Administrators, § 793. As to the collection of rents after the death of the decedent see § 796.

13

Thus it appears that this entire suit may have been improvidently brought by the Administratrix.

Even if this may not be so, if ordinary real estate principles are applied, it becomes clear that what is presented here is the occupancy and use of the property for a number of years by one of the co-tenants in a co-tenancy.

Since there was no will of the deceased, the realty passed on his death in equal, undivided shares to the 12 children of Gregorio Camacho - a co-tenancy. 23 AmJur 2d, Descent and Distributionm § 58; 20 AmJur 2d, Co-tenancy and Joint Ownership, § 27.

As to the residential use of the property by Juan, the general rule is that he is not liable to the co-tenants. 20 AmJur 2d, Co-tenancy and Joint Ownership, § 41. This, of course, is true where there is no ouster or exclusion of the co-tenants and none is found here. Nor is there any evidence that defendant Juan has repudiated or attempted to repudiate the tenancy in common. That he has recognized the interests of his siblings is clear and his attempt to obtain deeds of the interests of his brothers and sisters is a manifestation of his acknowledgment of this fact.

Juan had the right to enter the premises as a co-tenant in 1969 so long as he did not exclude the other co-tenants. He had the right to use and enjoy the common estate as though he were the sole proprietor and utilize the premises. 20 AmJur 2d, Co-tenancy and Joint Onwership, § 34. In view of the fact that he built the improvements with his own funds plus the fact

14

that none of the other heirs and co-tenants have ever objected to this date (this action is by the Administratrix in her official capacity - not as an excluded co-tenant), there is no basis for any claim against Juan for rental value of the premises for residential purposes.

This is also true of the commercial structure built by the defendant and leased by him to Commonwealth Pacific International Inc. The evidence is uncontradicted that the entire commercial leasing venture was the result of Juan's efforts on his own behalf and there is no assertion that he bound the interests of the co-tenants nor did he receive the rents for them. The overriding and compelling fact in this case is that the defendant Juan built the improvements with his own funds and it was from these same improvements from whence the rentals were derived. To require him to share the rental with his co-tenants is patently inequitable. Cumming v Anderson, 94 Wash. 2d 135, 614 P.2d 1283; 20 AmJur 2d, Co-tenancy and Joint Ownership, § 46.

According to the appraiser's report (Plaintiff's Exhibit 1) the value of the improvements are substantial and they lend themselves to the commercial/residential use. All co-tenants will benefit from the improvements and it is doubtful if they can be made to contribute to defendant or if the latter can charge his co-tenants with the value or costs thereof. 20 AmJur 2d, Co-tenancy and Joint Ownership, § 63.

It is concluded that there is no liability of Juan to the Estate of Gregorio Camacho. It follows, certainly, there is no liability of the other defendants to the estate.

15

Judgment shall be entered for the defendants.

This Memorandum Opinion shall constitute the court's findings of fact and conclusions of law.

Dated at Saipan, CM, this 12th day of December, 1984.

_____
Robert A. Hefner, Chief Judge